# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SCOTT DAHLSTROM, HUGH GALLAGLY, PETER KELLY, ROBERT SHEA, and EMMET WELCH,** | |
| Plaintiffs, | Case No. 12 C 658 |
| v. | Hon. Harry D. Leinenweber |
| **SUN-TIMES MEDIA, LLC d/b/a THE CHICAGO SUN-TIMES and Any Other Known Corporate Name,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss. For the reasons stated herein, the Motion is stayed for sixty (60) days to allow the United States to intervene.

## I. BACKGROUND

On a motion to dismiss, the Court accepts as true the factual allegations in the Complaint. The Court will not repeat the lengthy aftermath of the altercation which evidently arose between David Koschman ("Koschman") and R.J. Vanecko ("Vanecko") on April 25, 2004, and which ultimately resulted in Koschman's death. Suffice it to say that police and prosecutors have been criticized for their handling of the case in light of Vanecko's high-profile connections in Chicago.

Defendant Chicago Sun-Times ran one such critical article on November 21, 2001. The story implicitly criticized the eyewitness

identification lineup into which Police placed Vanecko on the ground that the officers who served as lineup "fillers" closely resembled him in age and stature. The article included each "filler" officer's: name (including middle initial), birth month and year, height, weight, hair color, and eye color. It listed the source of that data as the Chicago Police Department (the "CPD") and the Illinois Secretary of State. *See* Compl. Exs. 1 & 2.

Those officers are the Plaintiffs here. Before the story ran, the CPD had given Defendant the lineup photos, along with Plaintiffs' names, pursuant to a FOIA request. Plaintiffs allege that Defendant then used their names to obtain the other personal information in the story from the Illinois Secretary of State's motor vehicle records, though it is unclear how it allegedly did so.

Plaintiffs claim that by acquiring and publishing personal information from their motor vehicle records, Defendant violated their rights under the Driver Privacy Protection Act (the "DPPA"), 18 U.S.C. § 2721 *et seq*., and endangered their well being. Plaintiffs seek a declaratory judgment that Defendant violated the DPPA, an injunction directing Defendant permanently to remove their personal information from its publications, actual and/or statutory damages, punitive damages, and fees and costs.

Defendant argues that the published information falls outside of the DPPA, and alternatively that the DPPA violates First Amendment if it bars Defendant from publishing this truthful information relevant to its criticism of alleged government misconduct. Defendant also

argues that the requested injunction constitutes an impermissible prior restraint of speech.

## II.  LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in Plaintiffs' Complaint and draws all inferences in their favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That is, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III.  DISCUSSION

### A.  Notice

The Court notes that although Defendant challenges the DPPA's constitutionality, it failed to comply with FED. R. CIV. P. 5.1, which required it to serve the United States Attorney General with notice of the motion and of the constitutional question. Rule 5.1 also requires this Court to certify to the Attorney General that a statute's constitutionality has been questioned; the Court does so with this Order. The Government has sixty (60) days hereafter in which to intervene; in the interim, this Court may reject the constitutional challenge, but may not enter a final judgment holding a statute unconstitutional. *Id.* Because the Court finds it

necessary to address the constitutional question, as discussed below, it continues the Motion for sixty (60) days to permit the United States to intervene. Defendant must still comply with Rule 5.1, however.

### B. Evidence Before the Court

Defendant has attached four exhibits to its Motion to dismiss. Judge Toomin's memorandum opinion in *In Re Appointment of Special Prosecutor*, No. 2011 Misc. 46 (Ill. Cir. Ct. Apr. 6, 2012), a 2011 Illinois Attorney General letter ruling on the FOIA request related to this case, and two handwritten court orders in a related case previously filed by Plaintiffs and/or the Fraternal Order of Police in the Circuit Court of Cook County. Defendant appears to ask this Court take judicial notice of these documents as public records, and consider them here without converting its Motion to one for summary judgment.

Courts may take judicial notice of court documents, though generally not for the truth of matters asserted in them. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 & n.6 (7th Cir. 1997). The court documents are therefore noticed, though not especially relevant. Though it appears to be an official document, Defendant has not established that the FOIA letter ruling is a public record. The Court accordingly declines to notice it judicially or consider it in connection with the motion to dismiss. *See* FED. R. CIV. P. 12 (d), (e). The Court similarly disregards the extrinsic evidence introduced in the body of the briefs - simply

- 4 -

because something is accessible by hyperlink, rather than attached as an exhibit, does not make it immune from Rule 12(d).

### C. Merits

18 U.S.C. § 2722 makes it unlawful "for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under Section 2721(b) of this title." Neither party argues that the Sun-Times' conduct here falls within any of the 14 permissible uses listed in § 2721(b). Instead, Defendant argues that the information disclosed in the article does not fall within the statutory definition of "personal information": that which "identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but [which] does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

#### 1. *Names and Photographs*

Defendant undisputedly published Plaintiffs' names and the lineup photos; however, Defendant received that information through FOIA. Compl. ¶ 24. (Plaintiffs' brief seems to argue that the CPD turned over only their first and last names, and to claim that their middle initials came from motor vehicle records. Although the Complaint refers to Defendant using Plaintiffs' "names" to obtain their "full names," this does not clearly allege that the names, as published, reflected data from motor vehicle records instead of the

- 5 -

FOIA request.) Because they came from the FOIA materials, the names and photographs cannot support a DPPA claim. *McCormick v. Brzezinski,* No. 08-CV-10075, 2009 WL 174129, at *3 (E.D. Mich. Jan. 23, 2009).

### *2. Other Information*

In light of its First Amendment concerns, Defendant argues that the definition of personal information should be limited to the information expressly listed in the statute. Accordingly, it argues, height, weight, eye color, and birth month and year do not fall within the statute. Plaintiffs contend that the totality of the published data identifies them within the meaning of the statute.

Few courts have had occasion to construe this definition precisely. As Defendant notes, however, at least one District Court has excluded birth dates from the statute, applying the interpretive cannon of *expressio unius est exclusio alterius*. *Camara v. Metro-North R.R. Co.*, 596 F. Supp. 2d 517, 523 & n.9 (D. Conn. 2009). Respectfully, the Court disagrees with *Camara*; use of the word "including" usually makes a list illustrative rather than exhaustive. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994).

Nonetheless, there is a good argument under the statutory cannons of association that "personal information" only includes information that identifies a person with greater particularity than does height, weight, or even birth month. *See United States v. Two Plastic Drums,* 984 F.2d 814, 817-18 (7th Cir. 1993) (discussing the doctrines of *noscitur a sociis* and *ejusdem generis*). Recently,

however, the *en banc* Seventh Circuit has indicated that it disagrees. *See Senne v. Village of Palatine, Ill.*, --- F.3d ---, 2012 WL 3156335, at *9 (7th Cir. Aug. 6, 2012) ("The otherwise protected information actually disclosed here included Mr. Senne's full name, address, driver's license number, date of birth, sex, height and weight.") Accordingly, the Court concludes, the information that Defendant published falls within the ambit of "personal information" under the DPPA. Because the Court must reach the First Amendment question, therefore, it continues the remainder of Defendant's Motion for sixty (60) days to permit the United States to intervene.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Dismiss is stayed and continued for sixty (60) days to allow the United States to intervene.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

**DATE:** 9/5/2012