IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DAHLSTROM, HUGH GALLAGLY, ) <br> PETER KELLY, ROBERT SHEA, ) <br> and EMMET WELCH ) <br> ) <br>     Plaintiffs, ) <br> ) <br>        vs. ) <br> ) <br> SUN-TIMES MEDIA, LLC dba/ ) <br> THE CHICAGO SUN-TIMES ) <br> and any other known corporate name , ) <br> ) <br>     Defendant. ) | Case No. 12 CV 00658 <br><br> **Honorable Judge** <br> **Harry D. Leinenweber** |

**PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S
ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE
PLEADINGS ON THEIR "OBTAINMENT" CLAIM UNDER THE DPPA**

Plaintiffs, SCOTT DAHLSTROM, HUGH GALLAGLY, PETER KELLY, ROBERT SHEA, and EMMET WELCH, by and through their attorneys, respectfully request that this Court reconsider its opinion issued on September 29, 2016, denying judgment in favor of Plaintiffs on their "obtainment" claim under the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et. seq*. In support of their Motion, Plaintiffs state the following:

**INTRODUCTION**

Plaintiffs filed their Complaint on January 30, 2012, alleging Defendant, Sun-Times Media, LLC ("Sun-Times" or "Defendant") violate the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et. seq*., when it obtained Plaintiffs' full names, height, weight, eye color, hair color, and month and year of birth from the Illinois Secretary of State, and published that information in its online and print media. (Dkt. No. 1). On April

13, 2012, Defendant filed its Motion to Dismiss Plaintiffs' Complaint. In its Motion, Defendant argued that none of the information it obtained and published was within the scope of the DPPA, and that the First Amendment protects it against any DPPA violation. (Dkt. No. 8). In two separate rulings, on September 5, 2012, and November 18, 2013, this Court denied Defendant's Motion. (Dkt. Nos. 21 and 33).

In the September 5, 2012, ruling, this Court denied Defendant's Motion to Dismiss, in part, and "conclude[d] the information that Defendant published falls within the ambit of 'personal information' under the DPPA." (Dkt. No. 21, p. 7). In the November 18, 2013, ruling, the Court denied Defendant's Motion to Dismiss in full and found that the DPPA did not violate the First Amendment as applied. (*See generally* Dkt. No. 33). On April 24, 2014, this Court granted Defendant's Motion for Interlocutory Appeal to the Seventh Circuit. (Dkt. No. 44).

On May 11, 2015, the Seventh Circuit Court of Appeals affirmed this Honorable Court's orders denying Defendant's Motion to Dismiss. *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937 (7th Cir. 2015). In its opinion, the Seventh Circuit concluded the following:

    a.    The DPPA's definition of "personal information" extends to the Plaintiffs' personal details the Sun-Times published. *Dahlstrom,* 777 F.3d at 939;

    b.    The Sun-Times possesses no First Amendment right either to obtain the officers' personal information from government records or to subsequently publish that unlawfully obtained information. *Id.* at 940.

    c.    Information including age, hair color, eye color, weight, and height falls squarely within the universe of information that "identifies" an individual and, therefore, the DPPA is "clear and precise enough to give a person of

|   |   |   |
|---|---|---|
|   |   | ordinary intelligence fair notice about what is required of him." *Id.* at 946 (quoting *Wis. Right to Life, Inc. v. Barland*, 751 F.3d 804, 835 (7th Cir. 2014)). |
|   | d. | The DPPA's prohibition on obtaining an individual's personal information from motor vehicle records does not trigger heightened First Amendment scrutiny, requires only rational basis review, and easily satisfies the deferential rational basis standard. *Id.* at 946-949. |
|   | e. | The Sun-Times' publication of the Plaintiffs' personal details both intruded on their privacy and threatened their safety, while the personal details are of marginal public value and does little to advance Sun-Times' reporting on a story of public concern. The Government's asserted interests are both important and furthered by the DPPA's prohibition on disclosure, and are unrelated to the suppression of free expression and instead relate to the promotion of public safety. Therefore, the DPPA is narrowly tailored to withstand intermediate scrutiny. *Id.* at 950-954. |
|   | f. | Sun-Times violated the DPPA when it obtained the Plaintiffs' personal details from the Illinois Secretary of State and proceeded to publish them. *Id.* at 949, 954. |

After remand, Plaintiffs requested that the Court enter judgment on the pleadings on both Plaintiffs' obtainment and publication claims under the DPPA. (Dkt. No. 68). On September 29, 2016, this Court issued a written Opinion and Order granting in part, and denying in part, Plaintiffs' request ("Order"). (Dkt. No. 80), 2016 U.S. Dist. LEXIS 134227 (N.D. Ill. Sep. 29, 2016). This Court correctly entered judgment in favor of Plaintiffs on their publication of personal information ("publication") claim against Defendant, holding that the Seventh Circuit had already applied a heightened scrutiny balancing test to that claim and determined that "the specific details at issue are largely cumulative of lawfully obtained information published in that very same article, and are thereof of less pressing public concern than the threats of physical violence in [*Bartnicki v.*

3

*Vopper*, 532 U.S. 514, 536, (2001)]." Order, pp.3, 6-7, quoting *Dahlstrom,* 777 F.3d at 953.

However, as argued below, Plaintiffs contend that this Honorable Court incorrectly denied judgment on their obtainment of personal information ("obtainment") claim against Defendant by applying the same heightened scrutiny "balancing test" used on Plaintiffs' publication claim. Order, p. 6. This Court concluded that since Defendant had obtained Plaintiffs' personal information prior to obtaining the photographs in question, "a balancing could arguably come out in favor of the Sun-Times for the act of obtaining the personal information." *Id.* Instead, this Court should have applied a rational basis analysis and entered judgment in favor of Plaintiffs on their obtainment claim.

## **LEGAL STANDARD**

Under FRCP 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Manley v. Boat/U.S., Inc.,* 2017 U.S. Dist. LEXIS 186185, p. 2-3 (N.D. Ill. Nov. 9, 2017). The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Id.,* See also, *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

4

**ARGUMENT**

I. **The DPPA's Prohibition on Obtaining Personal Information from Driver Vehicle Records Does Not Affect Free Speech under the First Amendment and Only Requires the Prohibition to be Rationally Related to a Legitimate Government Interest.**

Plaintiffs argue that this Court made a manifest error in law by applying a heightened scrutiny balancing test to Plaintiffs' obtainment claim. In the Appellate Opinion, the Seventh Circuit concluded "that Sun-Times has not alleged a cognizable First Amendment injury with respect to the DPPA's prohibition on obtaining information from driving records—a limitation only on *access* to information." *Dahlstrom,* 777 F.3d at 947 (*Emphasis is original*). Quoting its opinion in *Travis v. Reno*, the Seventh Circuit rejected a facial challenge to the DPPA and held that "[p]eering into public records is not part of the 'freedom of speech' that the first amendment protects" since there was "'no constitutional right to have access to government information, or to require openness from the bureaucracy.'" *Id.*, quoting 163 F.3d 1000, 1007 (7th Cir. 1998).

The Seventh Circuit noted that certain government proceedings, such as those related to the judicial process, may deserve heightened scrutiny, but held in the case at bar that "[t]here is no corresponding need for public participation in the maintenance of driving records, which can hardly be described as an 'essential component' of self-government." *Id.*

Defendant argued that, similar to *ACLU v. Alvarez* ("*ACLU*"), 679 F.3d 583 (7th Cir. 2012), an eavesdropping case that triggered a First Amendment heightened scrutiny, the DPPA "restricts speech because it restricts the news media's ability to gather and report the news." *Id.* at 948. However, the Seventh Circuit rejected that argument, noting that *ACLU*

5

effected the First Amendment because it banned audio recording of oral communication, while the DPPA only prohibited "the acquisition of personal information from a single, isolated source." *Id.*

The Seventh Circuit concluded that the DPPA's prohibition of obtaining an individual's "personal information from motor vehicle records does not trigger heightened First Amendment scrutiny, and instead requires only rational basis review" because "*it is not a restriction on speech at all*" *Id.* at 949 (*Emphasis added*). The Seventh Circuit held that the DPPA easily satisfies the deferential rational basis test because limiting access to personal information in motor driving records is rationally related to the government's legitimate interest in "preventing 'stalkers and criminals [from] acquir[ing] personal information from state DMVs . . ..'" *Id.*, quoting *Maracich v. Spears*, 133 S. Ct. 2191. 2198 (2013).

On the other hand, the Seventh Circuit ruled that the DPPA's prohibition on disclosure of an individual's personal information triggered an intermediate scrutiny analysis because the prohibition of disclosing information directly regulated speech. *Id.* at 949. However, the Seventh Circuit ruled that the prohibition on publication is content-neutral, since its public safety goals of the prohibition are unrelated to the regulation of free speech. *Id.* at 950. As applied to the facts of this case, the Seventh Circuit ruled that the government's interests in public safety outweighs the public interest in publishing the personal information. *Id.* at 954. In agreeing with the Seventh Circuit, and correctly entering judgment in favor of Plaintiffs on their publication claim, this Court held that the personal information Defendant

6

published was of little public concern since the information was "largely cumulative" when viewed with the photographs. Order, pp. 6-7, quoting *Dahlstrom,* 777 F.3d at 953.

### II. The Court Made a Manifest Error of Law when It Applied a Heightened Scrutiny Analysis to the DPPA's Prohibition on Obtaining Personal Information Instead of Applying a Deferential Rational Basis Analysis.

As established above, the Seventh Circuit determined that the DPPA's prohibition on obtaining personal information from an individual's motor vehicle records:

1. is not a restriction on free speech;
2. therefore, only triggers a deferential rational basis review; and
3. the DPPA's interests in public safety is rationally related to its prohibition on obtaining personal information from driving records.

*Dahlstrom,* 777 F.3d at 949. However, in its Order denying judgment on Plaintiffs' DPPA obtainment claim, this Court analyzed that claim under an intermediate scrutiny test, stating that "a balancing could arguably come out in favor of the Sun-Times for the act of obtaining the personal information." Order, p. 6. This ruling directly contradicts the Seventh Circuit's ruling. *Dahlstrom,* 777 F.3d at 949.

Instead, this Court ought to have applied a rational basis analysis and only considered whether DPPA's prohibition on obtaining personal information was rationally related the legitimate government interest of public safety. *Id.* This Court's consideration of the Sun-Times's obtaining of Plaintiffs' personal information prior to possessing the photograph is not applicable since a *rational basis analysis focuses singularly on the DPPA's legitimate government interests*, and not at all on whether the information is of public concern. Thus, this Court made a manifest error of law by applying a heightened scrutiny analysis to

7

Plaintiffs' obtainment claim and denying their Motion for Judgment on the Pleadings based off that analysis.

## CONCLUSION

The Court's manifest error of the law in applying a balancing test to Plaintiffs' obtainment claim directly contradicts the Seventh Circuit's ruling that the DPPA's prohibition on obtainment need only be rationally related to a legitimate government interest. Thus, this Court should have granted Plaintiff's Motion for Judgment on the Pleadings with regard to their obtainment claim

WHEREFORE, Plaintiffs request that this Honorable Court reconsider its September 29, 2016, Opinion and Order, and issue an order granting judgment in favor of Plaintiffs on their DPPA obtainment claim and any other relief it deems proper.

By: /s/ Ronald C. Dahms<br>
Attorney for Plaintiffs

Law Offices of Ronald C. Dahms
540 North Frontage Road, Suite 3020
Northfield, Illinois 60093
(312) 609-0060

## **CERTIFICATE OF SERVICE**

I, the undersigned, state that I served the foregoing Motion to Reconsider, upon the below named persons, via the ECF Filing System of the Northern District of Illinois, on February 16, 2018.

Damon E. Dunn, Esq.
Seth A. Stern, Esq.
FUNKHOUSER VEGOSEN LIEBMAN & DUNN, LTD.
55 West Monroe Street, Suite 2300
Chicago, Illinois 60603

                                             *s/ Ronald C. Dahms*
                                             Ronald C. Dahms
                                             Plaintiffs' Attorney

Law Offices of Ronald C. Dahms
540 North Frontage Road, Suite 3020
Northfield, Illinois 60093
(312) 609-0060