IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DAHLSTROM, HUGH GALLAGLY, PETER KELLY, ROBERT SHEA, and EMMET WELCH<br><br>Plaintiffs,<br><br>vs.<br><br>SUN-TIMES MEDIA, LLC dba/ THE CHICAGO SUN-TIMES and any other known corporate name,<br><br>Defendant. | Case No. 12 CV 00658<br><br>**Honorable Judge<br>Harry D. Leinenweber** |

### PLAINTIFFS' SEALED MOTION FOR JUDGMENT AS A MATTER OF LAW ON DAMAGES

Plaintiffs, SCOTT DAHLSTROM, HUGH GALLAGLY, PETER KELLY, ROBERT SHEA, and EMMET WELCH, by and through their attorneys, respectfully request that this Court award Plaintiffs liquidated damages in the amount of $125,000.00, punitive damages, and any other relief the court deems just.

### INTRODUCTION

Plaintiffs filed their Complaint on January 30, 2012, alleging Defendant, Sun-Times Media, LLC ("Sun-Times" or "Defendant") violate the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et. seq.*, when it obtained Plaintiffs' full names, height, weight, eye color, hair color, and month and year of birth from the Illinois Secretary of State, and published that information in its online and print media. (Dkt. No. 1). On April 13, 2012, Defendant filed its Motion to Dismiss Plaintiffs' Complaint. In its Motion, Defendant argued that none of the information it obtained and published was within the scope of the DPPA, and that the First Amendment protects it against any DPPA violation. (Dkt. No. 8). In two separate

rulings, on September 5, 2012, and November 18, 2013, this Court denied Defendant's Motion. (Dkt. Nos. 21 and 33).

Defendant was granted an interlocutory appeal and on May 11, 2015, the Seventh Circuit Court of Appeals affirmed this Honorable Court's orders denying Defendant's Motion to Dismiss. *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937 (7th Cir. 2015). On December 14, 2015, the Supreme Court denied Defendant's petition for writ of certiorari. *Sun-Times Media, LLC v. Dahlstrom*, 136 S. Ct. 689 (2015).

After remand, Plaintiffs requested that the Court enter judgment on the pleadings on both Plaintiffs' obtainment and publication claims under the DPPA. (Dkt. No. 68). On September 29, 2016, this Court issued a written Opinion and Order granting in part, and denying in part, Plaintiffs' request. (Dkt. No. 80), 2016 U.S. Dist. LEXIS 134227 (N.D. Ill. Sep. 29, 2016). This Court entered judgment in favor of Plaintiffs on their publication of personal information claim against Defendant, but denied judgment as to Plaintiffs' obtainment claim. (Dkt. No. 80, pp.3, 6-7).

However, on September 27, 2018, this court granted Plaintiffs' Motion to Reconsider, and entered judgment against Defendant on Plaintiff's Obtainment claim. (Dkt. No. 124). One day later, on September 28, 2019, Defendant filed an appeal as to the Court's Orders entering judgment in favor of Plaintiffs. After a preliminary review of the record on appeal, the Seventh Circuit requested that the parties brief the issue of whether the Court's Order was final and appealable. (18-3101, Dkt. No 2). On February 12, 2019, the Seventh Circuit dismissed Defendant's appeal for lack of jurisdiction since the issue of relief was not addressed by this court. Plaintiff's now bring this Motion to address what relief is owed to them.

# ARGUMENT

I.  **Continuing Violation of the DPPA**



II. **Liquidated Damages**

In accordance with 18 USC § 2724 of the DPPA, "[t]he court may award—

(1) actual damages, but not less than liquidated damages in the amount of $2,500 . . .." As observed in the Eleventh Circuit Decision, *Kehoe v. Fid. Fed. Bank & Trust*:

> [d]amages for a violation of an individual's privacy are a quintessential example of damages that are uncertain and possibly unmeasurable. Since liquidated damages are an appropriate substitute for the potentially uncertain and unmeasurable actual damages of a privacy violation, it follows that proof of actual damages is not necessary for an award of liquidated damages.

421 F.3d 1209, 1216-17 (11th Cir. 2005). Therefore, an award of liquidated damages is authorized and proper under the DPPA even if Plaintiff have not proven actual damages.

---

[1] Plaintiffs have filed this Motion under Seal in order to keep Plaintiffs' information private per the DPPA and not draw public attention to Defendant's continuing violation of its disclosure of Plaintiffs' personal information as defined by the DPPA.

A plain reading of § 2724 concludes that "the district court's discretion is only limited in the sense that it must award at least $2,500.00 if any violation has been shown." *Ela v. Destefano*, 869 F.3d 1198, 1201-02, (11th Cir. 2017); *Truesdell v. Thomas*, 889 F.3d 719, 725 (11th Cir. 2018)

Moreover, the DPPA includes no limit on the district court's ability to grant multiple awards for multiple violations. *Ela,* 869 F.3d at, 1201-02. The district court can use its discretion to award $2,500.00 in liquidated damages for each instance a defendant violates the DPPA by obtaining and disclosing a plaintiffs personal information. *See Orduno v. Pietrzak,* 2017 U.S. Dist. LEXIS 160860, at *31 (D. Minn. Sep. 29, 2017) (awarding plaintiff $15,000, or $2,500.00 for each of defendant's violations). In fact, defendants can face additional damages if, after obtaining a plaintiff's personal information in violation of the DPPA, they repeatedly use or disclose that personal information. *Pichler v. Unite*, 542 F.3d 380, 394 (3d Cir. 2008). "Given the discretionary language in the statute and that the statute contains no limitation on the ability of the district court to grant cumulative awards," courts have "construed the DPPA to permit a district court to grant such awards upon multiple uses or disclosures of confidential information." *Id.*

Here, Defendant is one of the two primary City of Chicago newspaper companies, publishing its newspaper to hundreds of thousands of subscribers on a daily basis either via its print or online newspaper copies. Although Plaintiffs have asked in discovery the number of times Plaintiffs' personal information was either viewed in its online edition, or circulated in its print edition, Defendant either could not, or would not, provide that information. (See Exhibit 3, Defendant's Answers to Interrogatory Nos. 24 and 25).

4

Additionally, Defendant refuses to remove Plaintiffs' statutorily protected personal information from one of their online archives. As demonstrated by Exhibits 1 and 2, Defendant continues to violate Plaintiffs' rights under the DPPA by disclosing their personal information. In fact, when Defendant was asked if it had removed Plaintiffs' private information from its primary website (chicago.suntimes.com), not only did Defendant deny that Plaintiff's information was "personal information" as defined by the DPPA, it stated that the information in question "is not currently included the archived version of the article that is publicly available on the Sun-Times' website for *technical reasons.* Sun-Times objects to, and denies, the Interrogatory's assumption that anyone exercised "editorial discretion" to remove the infographic." (See Exhibit 4, Defendant's Answers to Interrogatory Nos. 11)(emphasis added). Defendant discovered Plaintiffs' information was removed from its primary website due to technical reasons on or about February 11, 2015. (Exhibit 3, Defendant's Answers to Interrogatory No. 21).

Defendant maintains this position even after the Seventh Circuit, on May 11, 2015, ruled that the information at issue is "personal information" as defined by DPPA, (*Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937 (7th Cir. 2015)); even after the Supreme Court denied Defendant's petition for writ of certiorari on December 14, 2015, (*Sun-Times Media, LLC v. Dahlstrom*, 136 S. Ct. 689 (2015)); even after this Court entered judgment in favor of Plaintiffs on their publication of personal information claim against Defendant, ((Dkt. No. 80), 2016 U.S. Dist. LEXIS 134227 (N.D. Ill. Sep. 29, 2016)); and even after this Court entered judgment against Defendant on Plaintiff's obtainment claim on September 27, 2018, (Dkt. No. 124). As of this very day. Defendant continues to violate the DPPA by publishing Plaintiffs' personal information.

Even then, Plaintiffs aren't looking to bankrupt Defendant by requesting that this Court award them $2,500.00, in liquidated damages for each and every disclosure of Plaintiffs' personal information, which would total in the millions of dollars. Instead Plaintiffs are requesting $25,000.00, in liquidated damages for each Plaintiff, or $125,000.00, in total. Plaintiffs determined the $25,000.00, amount for each of them by adding $2,500.00, for Defendant's obtainment of their personal information, to $22,500.00, or $2,500.00, for each year Defendant allowed each Plaintiff's personal information to remain published and available to the public for the years 2011 through 2019, or nine years.

Moreover, Plaintiffs understand they are no longer requesting "equitable relief as the court determines to be appropriate." 18 USC 2724(4). However, Plaintiffs request that this Court award Plaintiffs liquidated damages in the amount of $2,500.00, for each subsequent month, starting in March of 2020, that their personal information remains online until it is removed by Defendant.

### III.  Punitive Damages

If this Court determines that Plaintiffs are not entitled to at least $125,000.00 in liquidated damages, then they request a trial on the issue of punitive damages. The DPPA allows for the imposition of punitive damages "upon proof of willful or reckless disregard of the law." 18 U.S.C. § 2724; *Pichler v. Unite*, 542 F.3d at 397. Here, there is no question that Defendant is in willful violation of the DPPA. Plaintiffs' personal information remains online at the discretion of the Sun-Times. (See Exhibits 1 and 2). Not only that, the Sun-Times willfully admits that Plaintiffs' personal information was removed from their primary website, not because of this Court's and the Seventh Circuit's rulings in favor of Plaintiffs, but because of *technical issues.* (See Exhibit 4, Defendant's Answers to Interrogatory Nos. 11).

Thus, if this Court does not grant Plaintiffs' liquidated damages at the amount they request, then Plaintiffs request a trial on the issue of punitive damages.

**IV.   Attorneys' Fees and Costs**

Plaintiffs will submit a petition for attorney's fees and costs after liquidated damages, punitive damages, and any other relief is determined by this Court.

## **CONCLUSION**

WHEREFORE, Plaintiffs request that this Honorable Court issue an order granting Plaintiffs the damages and relief requested above.

By: /s/ *Ronald C. Dahms*<br>
Attorney for Plaintiffs

Law Offices of Ronald C. Dahms
540 North Frontage Road, Suite 3020
Northfield, Illinois 60093
(312) 609-0060