IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DAHLSTROM, HUGH GALLAGLY, PETER KELLY, ROBERT SHEA, and EMMET WELCH | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 12 CV 00658 |
| vs. | ) ) | |
| SUN-TIMES MEDIA, LLC dba/ THE CHICAGO SUN-TIMES and any other known corporate name, | ) ) ) ) | **Honorable Judge Harry D. Leinenweber** |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S
ORDER DENYING PLAINTIFFS' MOTION FOR
JUDGMENT AS A MATTER OF LAW ON DAMAGES**

Plaintiffs, SCOTT DAHLSTROM, HUGH GALLAGLY, PETER KELLY, ROBERT SHEA, and EMMET WELCH, by and through their attorneys, respectfully request that this Court reconsider its opinion entered on August 17, 2020, denying Plaintiffs monetary relief. In support of their Motion, Plaintiffs state the following:

**INTRODUCTION**

Plaintiffs filed their Complaint on January 30, 2012, alleging Defendant, Sun-Times Media, LLC ("Sun-Times" or "Defendant") violate the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et. seq.*, when it obtained Plaintiffs' full names, height, weight, eye color, hair color, and month and year of birth from the Illinois Secretary of State and published that information in its online and print media. (Dkt. No. 1). On April 13, 2012, Defendant filed its Motion to Dismiss Plaintiffs' Complaint. In its Motion, Defendant argued that none of the information it obtained and published was within the

scope of the DPPA, and that the First Amendment protects it against any DPPA violation. (Dkt. No. 8). In two separate rulings, on September 5, 2012, and November 18, 2013, this Court denied Defendant's Motion. (Dkt. Nos. 21 and 33).

Defendant was granted an interlocutory appeal and on May 11, 2015, the Seventh Circuit Court of Appeals affirmed this Honorable Court's orders denying Defendant's Motion to Dismiss. *Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937 (7th Cir. 2015). On December 14, 2015, the Supreme Court denied Defendant's petition for writ of certiorari. *Sun-Times Media, LLC v. Dahlstrom*, 136 S. Ct. 689 (2015).

After remand, Plaintiffs requested that the Court enter judgment on the pleadings on both Plaintiffs' obtainment and publication claims under the DPPA. (Dkt. No. 68). Specifically, Plaintiffs requested judgment on the pleadings *as to liability only*. (*Id.* at p. 14). On September 29, 2016, this Court issued a written Opinion and Order granting in part, and denying in part, Plaintiffs' request. (Dkt. No. 80), 2016 U.S. Dist. LEXIS 134227 (N.D. Ill. Sep. 29, 2016). This Court entered judgment in favor of Plaintiffs on their publication of personal information claim against Defendant but denied judgment as to Plaintiffs' obtainment claim. (Dkt. No. 80, pp.3, 6-7).

However, on September 27, 2018, this court granted Plaintiffs' Motion to Reconsider, and entered judgment against Defendant on Plaintiff's Obtainment claim. (Dkt. No. 124). One day later, on September 28, 2018, Defendant filed an appeal as to the Court's Orders entering judgment in favor of Plaintiffs. After a preliminary review of the record on appeal, the Seventh Circuit requested that the parties brief the issue of whether the Court's Order was final and appealable. (18-3101, Dkt. No 2). On February 12, 2019, the Seventh Circuit dismissed Defendant's appeal for lack of jurisdiction since the issue of

relief was not addressed by this court. On February 11, 2020, Plaintiffs filed their Motion for Judgment as a Matter of Law as to Damages ("Motion"). After the parties briefed Plaintiffs' Motion, on August 17, 2020, this Court entered a Memorandum Opinion and Order ("Order") denying Plaintiffs' request for damages relief. (Doc. No. 147). This Rule 59(e) Motion request that the Court reconsider its Order and grant Plaintiffs' Motion; or at the very least, set the issue of damages for further proceedings.

## LEGAL STANDARD

Rule 59(e) contemplates "a motion to alter or amend a judgment" filed within 28 days of entry of judgment. (Fed. R. Civ. P. 59(e)). A motion brought pursuant to Federal Rule of Civil Procedure 59(e)"must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). See also, *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Rule 59 only applies to final judgments that adjudicated all claims. *Coleman v. Labor & Indus. Review Comm'n of Wisconsin,* 860 F.3d 461, 472 (7th Cir. 2017) (explaining that "an order disposing of less than all claims of all parties does not qualify as a final judgment unless the district court enters a Rule 54(b) certification that there is no just reason for delay and that the judgment is indeed final for the party and claim so certified").

## THE COURT'S AUGUST 17, 2020 ORDER

This Court denied Plaintiff's Motion for relief as to Statutory Damages for two reasons: 1) Plaintiffs' Motion was untimely because Plaintiffs' were required to move for relief within 28 days of the Seventh Circuit's February 11, 2019, decision in accordance

with Fed. R. Civ. P. 59; and 2) Plaintiffs were required to prove actual damages in order to be provided minimal statutory damages in accordance with Section 18 U.S.C. § 2724 of the DPPA. (Order at pp. 9, 12). Plaintiffs posit that both of these findings are a manifest error of law. *LB Credit Corp.* 49 F.3d at 1267.

## ARGUMENT

### I. Plaintiffs' Motion Was Not Untimely

Plaintiffs argue that this Court made a manifest error in law by finding the Rule 59(e) of the Federal Rules of Civil Procedure applied. However, that simply cannot be the case. Indeed, in Plaintiffs' initial Motion for Judgment on the Pleadings, they requested judgment *as to liability only*. (Doc. No. 68 at p. 14). Rule 59(e), however, only applies to a final judgment. *See Coleman v. Labor & Indus. Review Comm'n of Wisconsin,* 860 F.3d 461, 472 (7th Cir. 2017) (explaining that "an order disposing of less than all claims of all parties does not qualify as a final judgment unless the district court enters a Rule 54(b) certification that there is no just reason for delay and that the judgment is indeed final for the party and claim so certified.").

The Court's September 28, 2018, Order is not a final judgment because Plaintiffs weren't even contemplating damages as part of their request for relief. As the Seventh Circuit determined in this case: "All the [September 28, 2018, Order and Judgment] say is that one motion was granted, and another was denied and that plaintiffs won on all claims— nothing more. The district court must explicitly determine what relief, if any, is awarded to plaintiffs." (Exhibit 1 to Plaintiffs' Reply in Support of their Motion for Relief., Doc. No.

4

146 ("Seventh Circuit Order")). Rule 59(e) does not apply because, as the Seventh Circuit stated, all the September 28, 2018 order states, is that the Plaintiffs "won on all claims" (*Id.*) Plaintiffs are not looking to "alter or amend" that judgment, because this Court granted them exactly what they requested: a ruling in their favor as to liability on all claims. Fed, R. Civ. P. 59(e). Such a judgment does not end the case. Thus Rule 59(e), and Rule 60 for that matter, is inapplicable.

In its order, the Court makes a valid point that Plaintiffs do not "specify the procedural vehicle they use to request relief." (Order at p. 6). However, that does not mean that their Motion is limited to the procedural vehicles of Rules 59 and 60. Instead, the most procedural vehicle applicable to Plaintiff's Motion is a Motion for Judgment on the Pleadings under Rule 12(c). Indeed, since the Court Order determined liability in Plaintiffs' favor on their Motion Judgment on the Pleadings as to Liability, Plaintiffs' are simply taking the next logical step requesting Motion Judgment on the Pleadings as to Liability. Indeed, Plaintiff titled their Motion as a "Motion for Judgment as a Matter of Law." (Doc. No. 132); see 49 CFR § 821.17 ("A party may file a motion for judgment on the pleadings on the basis . . . that the pleadings disclose that there are no material issues of fact to be resolved and that *party is entitled to judgment as a matter of law*.")

In fact, if any Rule applies regarding the amending of the Court's Order, it would have to be Fed. R. Civ. P. 54(d), which states "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Here, Rule 54(d) is much more applicable than Rules 59 or 60 since Plaintiffs' damages were not addressed in the Order. Since damages were not addressed, the plain language of Rule 54 holds that the Order may be "*revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*" Fed. R. Civ. P. 54(d).

In conclusion, this Court made a manifest error of the law by finding that either Rules 59 or 60 must apply because Plaintiffs were not seeking to amend its Order. In fact, Plaintiffs welcomed the ruling. They were simply requesting that the Court "determine what relief, if any, is awarded to plaintiffs." (Seventh Circuit Order). However, if the Court finds that the Plaintiffs were seeking to amend the Order, it must be under Rule 54(d) since damages were not contemplated, and therefore, all of parties' rights and liabilities were not contemplated.

II. **Liquidated Damages Are Mandatory When Liability Is Determined In Plaintiffs' Favor**

"According to the DPPA, the Court 'may award—(1) actual damages, but not less than liquidated damages in the amount of $2,500. . .'" 18 U.S.C. § 2724; (Order at p. 9). Here, the Court made a manifest error in the law by determining that said language the statute "gives the Court discretion to award damages." (Order at p. 12). That determination contradicts the plain language of the statute, which holds that a Court *cannot* award less than liquidated damages in the amount of $2,500. The Court cites *Doe v. Chao,* 540 U.S. 614 (2004), regarding the application of the same "less than" modifier that did not allow that plaintiff to claim statutory damages. However, the statute in *Chao* does not contemplate

6

liquidated damages explicitly found in § 2724 of the DPPA. Instead, in *Chao,* the Supreme Court ruled on whether a plaintiff was entitled to minimum amount of *actual damages* for the Government's violation of the Privacy Act of 1974. *Chao,* 540 U.S. at 627. Indeed, the Supreme Court held that the plaintiff failed to prove that Congress authorized "true liquidated damages remedies" under the Privacy Act. *Chao,* 540 U.S. at 626.

The Court also misapplies *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005) to the case at bar. What is important in *Kehoe* that the Court overlooks is that "proof of actual damages is not necessary for an award of liquidated damages." 421 F.3d 1209, 1216-17 (11th Cir. 2005). Instead, as the Eleventh Circuit has determined, a plain reading of § 2724 concludes that "the district court's discretion is only limited in the sense that it must award at least $2,500.00 if any violation has been shown." *Ela v. Destefano*, 869 F.3d 1198, 1201-02, (11th Cir. 2017); *Truesdell v. Thomas*, 889 F.3d 719, 725 (11th Cir. 2018)

Here, the Court has determined that the Sun-Times violated the DPPA when it illegally obtained and disclosed Plaintiffs' personal information, as defined by the DPPA. It must follow that the Court must award at least $2,500.00 in liquidated damages for both violations, even where Plaintiffs have not proven damages.

## CONCLUSION

The Court's application Fed. R. Civ. P. 59 and 60 to Plaintiffs' Motion is a manifest error of the law because Plaintiff are not trying alter or amend the September 28, 2018, Order, which cannot be a final judgment because it only determines liability. Moreover, § 2724 of the DPPA requires that Court award at least $5,000 to each Plaintiff ($2,500 for both the obtainment and disclosure claims) in liquidated damages.

WHEREFORE, Plaintiffs request that this Honorable Court reconsider its September 27, 2018, Opinion and Order, and issue an order granting damages relief to Plaintiffs.

                                                By: /s/ Ronald C. Dahms
                                                       Attorney for Plaintiffs

Law Offices of Ronald C. Dahms
540 North Frontage Road, Suite 3020
Northfield, Illinois 60093
(312) 609-0060

## **CERTIFICATE OF SERVICE**

I, the undersigned, state that I served the foregoing Motion to Reconsider the Court's Order entered on August 17, 2020, upon the below named persons, via the ECF Filing System of the Northern District of Illinois, on September 14, 2020.

Damon E. Dunn, Esq
Seth A. Stern, Esq
FUNKHOUSER VEGOSEN LIEBMAN & DUNN, LTD.
55 West Monroe Street, Suite 2300
Chicago, Illinois 60603

                                                                                    *s/ Ronald C. Dahms*
                                                                                    Ronald C. Dahms
                                                                                    Plaintiffs' Attorney

Law Offices of Ronald C. Dahms
540 North Frontage Road, Suite 3020
Northfield, Illinois 60093
(312) 609-0060